**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES DAVID WILLIAMS, ) | Case No. 1:24-cv-1676 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Reuben J. Sheperd |
| GLOBAL SCREENING ) | |
| SOLUTIONS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPINION AND ORDER

On September 30, 2024, Plaintiff James David Williams filed a complaint against Defendant Global Screening Solutions, Inc. (ECF No. 1.) On October 16, 2024, Plaintiff filed an amended complaint and added Defendant Herbert House. (ECF No. 3.) Plaintiff's counsel obtained summonses on October 18, 2024. (ECF No. 4; ECF No. 5; ECF No. 6.) On March 3, 2025, Global Screening Solutions moved to dismiss for failure to obtain service. (ECF No. 8.) Plaintiff opposed the motion (ECF No. 9) and moved for leave to serve Defendants through alternative means (ECF No. 10), which Global Screening Solutions opposed (ECF No. 12).

Under Rule 4(m), if Plaintiff does not serve Defendants within 90 days after filing the complaint, the Court must dismiss the action without prejudice or order that service be made within a specified time. "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m). Plaintiff argues that it has good cause for failing to serve both Global Screening Solutions and Mr. House.

***Global Screening Solutions.*** Under Rule 4(h)(1), a domestic corporation must be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Plaintiff alleges that Global Screening Solutions failed to designate a valid service address or a valid agent to accept service on its behalf. The company's articles of incorporation (ECF No. 9-1), articles of amendment (ECF No. 9-2), and periodic report (ECF No. 9-3) designate 4833 Front Street, Unit B488, Castle Rock, Colorado 80104 as its principal mailing address and Unit B448 at the same address as its principal office address and its registered agent's street and mailing addresses. As of September 2024, the Colorado Secretary of State's website reflected that address as the principal office street address and principal office mailing address for Global Screening Solutions, as well as its registered agent's street address and mailing address. (ECF No. 9-4.)

But when Plaintiff's process server arrived at this address on October 8, 2024, she found that it was "a P.O. Box or a UPS store," where service was not permitted. (ECF No. 9-5, PageID #89.) Plaintiff then attempted to serve Mr. House with an alias summons for Global Screening Solutions. For the reasons described below, this attempt was also unsuccessful. Finally, Plaintiff attempted service by the Clerk of Court. (ECF No. 9-8.) After the Clerk certified that service had been mailed (ECF

No. 9-9), Plaintiff received an email from a woman from a company called Next Insurance stating that she had been "assigned to handle this claim." (ECF No. 9-10, PageID #104.) On December 5, 2024, Plaintiff received an email from Next Insurance stating that it would "defend [its] insured for this matter" and requesting "a nominal amount to resolve." (ECF No. 9-11.) On January 23, 2025, counsel for Global Screening Solutions emailed an offer of judgment to Plaintiff's counsel (ECF No. 9-15), calling into question their representation not to be representing Global Screening Solutions only in a limited capacity (*see* ECF No. 12, PageID #141). Further, that counsel apparently spoke with counsel for Plaintiff, leaving the impression of valid service on Global Screening Solutions. (ECF No. 10, PageID #126–27.) Further conversations gave the opposite impression, and Plaintiff's counsel responded by offering a waiver of service. (*Id.*, PageID #127.) On February 28, 2025, Plaintiff's counsel initiated a second attempt at service by Clerk. (ECF No. 9-12.) All four of the tracking numbers generated by the Clerk's certified mailings currently yield no information on the status of service.

*Herbert House.* As of September 2024, the Colorado Secretary of State's website showed that Herbert House was the registered agent for Global Screening Solutions. (ECF No. 9-4.) Because Plaintiff also sues Mr. House in his individual capacity, he must serve him through one of the methods specified in Rule 4(e). Rule 4(e)(2) prescribes specific valid methods for service of process, and Rule 4(e)(1) allows service according to State law. Plaintiff did not successfully complete any of the methods permitted under Rule 4(e)(2). Nor did he satisfy Rule 4.3(B) of the Ohio

Rules of Civil Procedure or follow any proper method for service under Colorado law. As described above, Plaintiff did not complete service on Mr. House at the Front Street address. Upon investigation, Plaintiff uncovered another possible address for Mr. House. (ECF No. 10, PageID #124.) However, Plaintiff's process server failed to serve Mr. House at this address after four attempts to do so. (*Id.*, PageID #125.) During the first three attempts, there was no answer at the door. On the last attempt, the man who answered represented that Mr. House did not live at the address.

Contrary to Defendants' assertion, this record demonstrates reasonable diligence on the part of Plaintiff to serve both Defendants. Also, it shows good cause for the failure to serve Defendants within the time limit established in Rule 4(m).

Defendants have "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Pursuant to Rule 4(m), the Court **EXTENDS** the deadline for Plaintiff to serve Defendants to May 31, 2025, subject to such further extensions as may be appropriate. Further, pursuant to Rule 4(d)(1), the Court directs Plaintiff formally to request waivers of service and to do so no later than April 24, 2025.

## CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for leave to serve by alternative means (ECF No. 10) and **DENIES** Defendant's motion to dismiss for failure to serve (ECF No. 8).

**SO ORDERED.**

5

Dated: April 17, 2025

                             /s/ J. Philip Calabrese
                             J. Philip Calabrese
                             United States District Judge
                             Northern District of Ohio

5