**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES DAVID WILLIAMS,<br><br>      Plaintiff,<br><br>v.<br><br>GLOBAL SCREENING SOLUTIONS, INC.;<br>and EQUIFAX INFORMATION SERVICES,<br>LLC,<br><br>      Defendants. | Case No.: 1:24-cv-01676-JPC<br><br>**District Judge J. Philip Calabrese**<br><br>**Magistrate Judge Reuben J. Sheperd** |

## UNOPPOSED MOTION FOR EXTENSION OF CASE DEADLINES

Plaintiff James David Williams ("Plaintiff") respectfully moves this Honorable Court to extend all remaining deadlines set by this Court's Order (Docket No. 43) by thirty (30) days, and in support of which, states as follows:

1.      On October 16, 2025, the Court entered a Case Management Conference Order (Docket No. 25) setting forth the deadlines in the above-captioned matter. This Scheduling Order was extended on February 18, 2026 (Docket No. 43), after the addition of Defendant Equifax Information Services, LLC as a party in the above-captioned matter.

2.      On March 6, 2026, Plaintiff served both a Subpoena to Produce Documents, and a Subpoena to Testify on non-party Greater Cleveland Regional Transit Authority ("GCRTA").

3.      GCRTA was Plaintiff's prospective employer that allegedly received a consumer report about Plaintiff from Defendant Global Screening Solutions, Inc. ("GSS"), and which, based on that consumer report, denied or delayed Plaintiff's employment.

1

4. The deposition of non-party GCRTA was scheduled to occur on May 26, 2026. Accordingly, the parties were well on their way to completing discovery before the fact discovery deadline of June 15, 2026.

5. Counsel took the deposition of non-party GCRTA's representative on May 26, 2026. However, despite the 30(b)(6) Subpoena to Testify having listed in detail the matters concerning which testimony will be elicited from GCRTA, GCRTA's designated representative was woefully unprepared to testify concerning some of the matters at issue including, critically, regarding the reason(s) for which it denied or delayed the hiring of Plaintiff, an important component of Plaintiff's alleged damages.

6. As well, GCRTA appears to have not produced all responsive documents that had been requested in Plaintiff's Subpoena to Produce Documents.

7. Counsel for Plaintiff and GCRTA have conferred and are, at this time, making efforts towards cooperating to remedy apparent defects without resorting to seeking redress or relief from the Court.

8. As well, because GCRTA's designated representative lacked knowledge regarding certain GCRTA actions, decisions, and communications made in relation to Plaintiff's application for employment at GCRTA, and because one Robert Jefferson was the GCRTA employee who reviewed the background report relating to Plaintiff and who communicated GCRTA's decisionmaking based on that background report, therefore, on June 1, 2026, Plaintiff served a Notice of Intent to Serve a Subpoena on Robert Jefferson, a GCRTA employee, to testify regarding his knowledge.  Plaintiff is awaiting proof of service at the time of this filing.

9. Accordingly, Plaintiff finds it necessary to request that the Court permit the parties additional time to conduct discovery and respectfully requests an extension of the remaining deadlines by thirty (30) days.

10. The following is a table of the current scheduled deadlines pursuant to this Court's Order (Docket No. 43), as well as the deadlines of such dates for which Plaintiff requests extensions:

| | Current Deadline | Proposed Deadline |
|---|---|---|
| **Deadline to Complete All Non-Expert Discovery** | June 15, 2026 | July 15, 2026 |
| **Deadline for Party with Burden of Proof on a Claim or Defense to Disclose Expert Report(s)** | July 14, 2026 | August 13, 2026 |
| **Deadline for Responsive Expert Report(s)** | August 13, 2026 | September 14, 2026 |
| **Deadline to Complete Expert Discovery** | October 12, 2026 | November 11, 2026 |
| **Deadline for Filing Dispositive Motions on Other Matters** | December 10, 2026 | January 11, 2027 |

11. This is the parties' second[1] request for an extension of discovery deadlines in this case, the first extension having been on account of the addition of a new party to the action.

12. Plaintiff confirms that this request will not prejudice any party and is not being made for the purpose of delay.

13. Plaintiff and Defendant GSS have conferred and Defendant GSS does not oppose the instant motion.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant a thirty (30) day extension of all remaining deadlines as outlined in the table above.

//

---

[1] Except for an unopposed motion for a brief extension of a single deadline, to file Motions Seeking to Add Parties or Amend Pleadings, *see* Docket No. 33, which the Court granted on December 17, 2025.

3

Respectfully submitted this 3rd day of June 2026.

/s/ Levi Y. Eidelman
Levi Y. Eidelman (0104009)
**CONSUMER JUSTICE LAW FIRM**
72-47 139th Street
Flushing, New York 11367
T: (718) 360-0763
F: (480) 613-7733
E: leidelman@consumerjustice.com

*Attorneys for Plaintiff James David Williams*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER JUSTICE LAW FIRM**

By: */s/Lila M. Reyes*
Lila M. Reyes

4